# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

98-21110

---

STEVEN F. JAETZOLD,

Plaintiff-Appellant,

versus

GLAZER WHOLESALE DRUG COMPANY, INC.,
d/b/a GLAZER WHOLESALE DISTRIBUTERS;
LEROY KRISCHKE AND LUKE GRAZAFFAZI,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
H-97-CV-1136

---

October 13, 1999

Before POLITZ and STEWART, Circuit Judges, and LITTLE[*], District Judge

CARL E. STEWART, Circuit Judge:[**]

The case before us involves claims made under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Texas state law cause of action for intentional infliction of emotional distress. The district court below granted summary judgment in favor of the defendants for both the federal and state claims. For reasons stated below, we affirm the district court's decision.

## FACTS AND PROCEDURAL BACKGROUND

The plaintiff, Steven F. Jaetzold ("Jaetzold"), began his employment with the defendant, Glazer's Wholesale Drug Company, Inc, ("Glazer") in August 1995. He was promoted to Chain Accounts Coordinator responsible for all wine products at Kroger and Gerlands, two large

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supermarket chains. In early 1996, Kroger and Gerlands began to complain that the pricing information was not submitted in a timely manner and that Jaetzold was not fulfilling his obligations to visit the stores and contact the buyers. In February and March 1996, Jaetzold's supervisor Leroy Krischke ("Krischke") conducted several meetings with Jaetzold to discuss the complaints. In April 1996, Krischke informed Jaetzold that the Gerlands account had been reassigned to permit Jaetzold to focus his efforts on the Kroger account.

In 1992, Jaetzold's mother was diagnosed with lymphoma and, between 1992 and 1993, Jaetzold took leave to care for her. In April 1996, Jaetzold's mother was diagnosed with lung cancer. On April 15, 1996, Jaetzold requested immediate leave under the FMLA. Although Jaetzold claims that he was initially told that he could not take the requested leave, it is undisputed that Jaetzold was permitted to take the requested leave, thus exhausting his accrued paid vacation leave and personal sick leave before taking unpaid leave. Jaetzold returned to work on April 29, 1996.

Four days after returning to work, Jaetzold submitted a letter of resignation. The letter did not raise the FMLA leave issue or make reference to any alleged mistreatment by the defendants. Although Jaetzold asserts that when he submitted the resignation letter he believed that the letter would be rejected and that Glazer would try to convince him not to resign, nevertheless, Jaetzold's resignation letter was accepted.

Approximately nine months after Jaetzold tendered his letter of resignation, he filed suit alleging that Glazer violated the FMLA by retaliating against him for asserting his rights under the FMLA. Specifically, he complained that Glazer forced him to choose between caring for his mother or retaining his job. As such, Jaetzold asserted that his eventual resignation was a constructive discharge. He also alleged that Glazer's conduct amounted to intentional infliction of emotional distress. Glazer moved for summary judgment for both federal and state claims. The district court granted Glazer's motion. Jaetzold now appeals the district court's grant of summary judgment.

STANDARD OF REVIEW

2

We review the district court's grant of summary judgment de novo. Walton v. Bisco Industries, 119 F.3d 368, 370 (5th Cir.1997). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

### FAMILY MEDICAL LEAVE ACT

The FMLA was enacted to permit employees to take reasonable leave for medical reasons, for birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. 29 U.S.C. § 2601(b)(1) & (2). The FMLA seeks to meet the needs of the families in a manner that accommodates the legitimate interests of employees. Id. § 2601(b)(3). It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any rights provided under the FMLA. Id. § 2615(a)(1). Also, an employer is prohibited from discriminating or retaliating against an employee for exercising his rights under the FMLA. Id. § 2615(a)(2).

To establish a prima facie case for retaliation, the plaintiff must demonstrate that: (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and (3) the adverse decision was made because of the plaintiff's request for leave. See Bocalbos v. National Western Insurance Co., 162 F.3d 379, 381 (5th Cir. 1998)(citations omitted). Although Jaetzold resigned, he nonetheless argues that he was constructively discharged, and thus that he suffered an adverse employment decision because he asserted his rights under the FMLA. To maintain a constructive discharge claim, Jaetzold must establish that working conditions at Glazer were so intolerable that a reasonable employee in Jaetzold's position would feel compelled to resign. See Webb v. Cardiothoracic Surgery Associates, 139 F.3d 532, 539 (5th Cir. 1998); Jurgens v. Equal Opportunity Employment Comm., 903 F.2d 386, 390 (5th Cir. 1990). The plaintiff's subjective belief alone is insufficient to meet the "reasonable employee" criteria. See Barrow v. Hew Orleans Steamship

3

Ass'n, 10 F.3d 292, 297 n.19 (5ᵗʰ Cir. 1994). The burden of proof rests on the plaintiff to show constructive discharge. See Ugalde v. W.A. McKenzie Asphalt Co., 990 F.2d 243 (5ᵗʰ Cir. 1993).

To support his claim of constructive discharge, Jaetzold alleges that (1) during the four days between his return to work and his resignation "nobody would speak" with him; (2) he was constantly paged by Krischke who would be unavailable when Jaetzold returned his page; and (3) Krischke told other managers during a managers meeting that suppliers were unhappy with Jaetzold. Assuming that these allegations are true, they nonetheless are insufficient to sustain a claim for constructive discharge. See Landgraf v .USI Film Products, 968 F.2d 427, 429 (5ᵗʰ Cir. 1992), aff'd, 511 U.S. 244, 114 S.Ct. 1438, 128 L.Ed.2d 229 (1994) ("To prove constructive discharge, the plaintiff must demonstrate a greater severity of pervasiveness of harassment than the minimum required to prove a hostile work environment").

Additionally, Jaetzold argues that Glazer's post-resignation conduct supports his claim for constructive discharge. Specifically, he claims that after he submitted his letter of resignation, Krischke told him that he would never again be promoted and that he was demoted to Field Supervisor. He also complains that after his demotion he would have to report to an employee who had previously been Jaetzold's subordinate. However, these post-resignation events are not probative of the issue of whether pre-resignation work conditions were so intolerable that a reasonable employee would have felt compelled to resign.[1] As such, Jaetzold fails to present sufficient evidence to sustain his constructive discharge claim. Because Jaetzold's FMLA claim rests on his constructive discharge theory, the district court did not err when it granted Glazer's motion for summary judgment.

---

[1] Jaetzold cites Patterson v. PHP Healthcare Corp, to argue that post-resignation evidence may support a constructive discharge claim. See 90 F.3d 927 (5ᵗʰ Cir. 1996), cert denied, 519 U.S. 1091, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997), and receded from for others reasons by, Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, (5th Cir 1998). However, Jaetzold's reliance on Patterson is misplaced. In Patterson, the plaintiff attempted to withdraw the letter of resignation the same day it was submitted after the employer had assured the plaintiff that work conditions would improve. In the instant case, Jaetzold did not attempt to withdraw his letter of resignation.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Jaetzold claims that Glazer's conduct amounted to intentional infliction of emotional distress. To maintain an action for intentional infliction of emotional distress under Texas law, Jaetzold must show (1) that Glazer acted intentionally or recklessly, (2) that Glazer's conduct was extreme and outrageous, and (3) that Glazer's actions caused severe emotional distress. Twyman v. Twyman, 855 S.W. 2d 619, 621-622 (Tex. 1993); Wornick Co. v. Casas, 856 S.W. 2d 732, 734 (Tex. 1993)

Essentially, Jaetzold's claim rests on his allegation that Krischke and Grazaffazi told him to choose between retaining his job or caring for his ill mother. Assuming that Jaetzold's allegation is true, Glazer's actions fail to rise to the level of extreme and outrageous conduct required to survive summary judgment. Conduct is sufficiently outrageous only if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." MacArthur v. University of Texas Health Center, 45 F.3d 890, 898 (5th Cir. 1995). Although the ultimatum made by Glazer may have been insensitive and inconsiderate, it does not however rise to the level of outrageous conduct required to sustain an intentional infliction of emotional distress claim. See, e.g., McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558 (5th Cir. 1997); Weller v .Citation Oil & Gas Corp., 84 F.3d 191, 195 (5th Cir. 1996); Ugalde, 990 F.2d at 243 (5th Cir. 1993); Ramirez v. Allright Parking El Paso, Inc., 970 F.2d 1372, 1375-1377 (5th Cir. 1992); Guthrie v. Tilco Indus, 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992); Wilson v. Monarch Paper Co., 939 F.2d 1138 (5th Cir. 1991).

## CONCLUSION

Based on the foregoing reasons, we AFFIRM the district court..

AFFIRMED.